IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE A. CHRUSTOWSKI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 23-803-CFC |
| | : | |
| JEWEL CHRUSTOWSKI, | : | |
| | : | |
| Defendant. | : | |

Renee A. Chrustowski, Middletown, Delaware.  Pro Se Plaintiff.


### MEMORANDUM OPINION


December 27, 2023
Wilmington, Delaware

CONNOLLY, Chief Judge:

Plaintiff Renee A. Chrustowski appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 6)  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   BACKGROUND

The Complaint lists Jewel Chrustowski, an individual with whom Plaintiff shares a last name, as the sole Defendant.  Plaintiff does not indicate if, and how, they are related.

Plaintiff brings an age discrimination claim and alleges that Defendant made false claims about Plaintiff, treated Plaintiff "like a prisoner," used Plaintiff "as an experimental test subject for science," and "withheld pictures and documents of [Plaintiff] to use as threats and called [Plaintiff] degrading names."  (D.I. 1 at 4)  Plaintiff seeks $75,000 in damages.

Plaintiff has also filed a motion to seal, nominally titled a motion for summary judgment.  (D.I. 4)

## II.   SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v.*

*Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, the pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12

2

(2014) (per curiam).  A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Plaintiff's Complaint, which appears to name a family member as the sole Defendant, and raises apparent claims of employment discrimination based on allegations of a range of alleged familial wrong doing, is frivolous and fails to state a claim, and will therefore be dismissed.  Amendment is futile.

Plaintiff's motion to seal will be denied.  There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the

3

public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted).  Plaintiff has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury," *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).

## III.    CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and deny the motion to seal.

This Court will issue an Order consistent with this Memorandum Opinion.